Syllabus.

## Staunton.

## Martha Smith v. R. M. Smith, et al.

### September 20, 1923.

1. Wills—*Allegations—Renunciation by Widow of Husband's Will—Waiver as to Form of Renunciation—Case at Bar.*—In the instant case, a suit to construe a will, the widow in her answer stated that if the court so construed the will as to give her only her statutory dower, she would be compelled to renounce the provision and claim her statutory rights. Counsel for the appellees, while not admitting that such renunciation complied with the statute on the subject, apparently disclaimed any desire or intention of objecting to the form in which the widow asserted her right to renounce.

   *Held:* That any objection which might have been made as to the form of renunciation was waived.

2. Wills—*Construction—Dower.*—A testator in his will devised to his wife "her life dower in the home place, or as long as she lives on the home place."

   *Held:* That the testator did not intend to give his widow a life estate in the whole of the home place, contingent upon her continued residence thereon, but intended merely to recognize and provide for her statutory right of dower in all of his real estate.

3. Dower—*Wills—Provision that Widow shall Reside on Home Place.*—A testator in his will gave his wife "her life dower in the home place, or as long as she lives on the home place."

   *Held:* That the testator intended to give his widow her dower in his real estate, but undertook to limit her enjoyment of it to such time during her life as she might continue to live at the home place, and this was a limitation on her statutory right which he could not impose without her consent.

4. Wills—*Construction—Dower or Life Estate in all of Testator's Realty.*—A testator gave his wife "her life dower in the home place, or as long as she lives on the home place," with remainder over to another in case of her removal. The wife contended that under this provision she took a life estate in the whole of the home place, contingent upon her continued residence thereon, and to sustain this construction depended upon the extraneous facts that she was sixty years old, had no separate estate, that all of testator's children were self-sup-

porting, that he had made advancements to complainants, and that the property devised to her was all that she had.

*Held:* That sufficient reason to warrant this construction could not be found in the will or in the extraneous facts.

5. DOWER—*Definition.*—The term "dower" has a well-defined and very generally understood legal meaning.

6. WILLS—*Construction—Ordinary Meaning of Words.*—A testator is presumed to use the words by which he expresses himself in their primary or ordinary sense, unless it is manifest from the context that he intended them to mean something else.

Appeal from a decree of the Circuit Court of Tazewell county. Decree for complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*W. H. Werth,* for the appellant.

*J. Powell Royall,* for the appellees.

KELLY, P., delivered the opinion of the court.

Caleb Smith died in March, 1922, leaving a will which contained the following provisions material to a decision of this controversy:

"First: I give, devise and bequeath to my wife, Martha, her life dower in the home place, or so long as she lives on the home place. In case of her removal off the said home place it goes to Henry Rufus Smith hereafter stated.

"Second: I give, devise and bequeath to Henry Rufus Smith all of the home place, supposed to contain about eighty acres excepted two acres from above for Susan E. Smith adjoining their farm.

"Third: I give, devise and bequeath to R. M. Smith twenty-two acres lying southeast of the home place, ex-

cepted from the above twenty-two acres, one acre around Riley Smith's house, and Martha Smith, my wife, life dowry or as long as she lives on the home place.

"Fourth: I give and bequeath to Susan E. Smith, two acres of land adjoining J. Rufe Smith as above specified.

"Fifth: I have on deposit $1,000.00 in Richlands National Bank, Richlands, Virginia, that I request to be divided as follows:     *     *     *"

(Here the will makes eleven bequests of small amounts to as many several beneficiaries, aggregating $525.00, and then adds the clauses next below quoted.)

"17. And if there is any balance after all my expenses is paid, I want the residue to be divided as follows:

"18. I want Martha Smith, my wife, to have $50.00, and Linnie White $50.00, and the balance equally divided between R. M. Smith and Henry Rufus Smith."

This suit was brought by R. M. Smith and Henry Rufus Smith for a construction of the will, for an assignment of dower to the widow, and for a partition of the real estate between and among R. M. Smith, Henry Rufus Smith and Susan E. Smith to the extent and in the manner set forth by the testator.

The construction of the will, as contended for by the complainants, is stated in clause four of their bill as follows:

"(4) That your orators are advised and here charge that under the provisions of the will of the said Caleb Smith, his widow took for and during her natural life her dower interest in and to all of the said real estate mentioned in said will of the said Caleb Smith; and that your orators and the said Susan E. Smith became the owners of and entitled to all of the real estate mentioned in said will of Caleb Smith, subject, however, to the

dower interest of the said Martha Smith, widow of the said Caleb Smith, therein as above set forth."

The contention of the widow, on the other hand, as disclosed by her demurrer and answer, is that the testator intended the provisions made for her to be in lieu of dower, and that a true construction of the will entitles her to a contingent life estate in the whole of the "home place," and to statutory dower in the twenty-two acre tract mentioned in the third clause.

Reduced to briefer form, the decisive question in the case is this: Did the testator intend to give his widow a life estate in the whole of the home place (contingent upon her continued residence thereon), with remainder in fee to Henry Rufus Smith; or did he intend merely to recognize and provide for her statutory right of dower in all of his real estate?

The answer of the widow relies upon certain extraneous facts and circumstances to sustain the construction for which she contends, and sets them forth as follows: "Respondent further alleges the following facts and circumstances as showing testator's intent to make provisions in his will in lieu of dower; respondent has no separate estate; she is nearly sixty years old, and the property devised her is all she has; that all of his children are self-supporting; that to several of them, including both of complainants in said bill, he has made advancements, and during his lifetime deeded to them parts of his real estate, and gave them other property, and that none of his children were dependent upon his bounty as was your respondent."

The widow also states in her answer (filed less than a year after the testator's death) "that if it be true that under the will she can only take one-third of the real estate, she is entitled to that much during her life (whether she continues to 'live on the home place' or

not) under the statute of this State, and in addition she would be entitled to one-third of the cash in bank instead of just five per cent., and if the court so construes said will as to said real estate, respondent will be compelled to renounce the provision made in same which only gives her $50.00 of the money, and claim one-third of same, as she has the right to do under the statute."

The court overruled the demurrer, struck out the answer on the motion of the complainants, and construed the will to mean that the widow was entitled only to her statutory dower in the testator's real estate, and accordingly appointed commissioners to assign such dower and to make partition as prayed for in the bill; but the decree did not purport to pass on her rights as to the money, and specifically directed the executor to hold the same subject to the further order of the court.

[1] With respect to the qualified renunciation of the terms of the will, counsel for the appellees, while not admitting that such renunciation complies with the statute on the subject, apparently disclaim any desire or intention of objecting to the form in which the widow asserts her right to renounce, and we shall treat any objection which might have been made thereto as waived.

In our view of the case, the decree complained of is free from any error to the prejudice of the appellant.

[2, 3] The language of the testator very clearly indicates (as more particularly pointed out hereafter) an intention to give his widow her dower in his real estate, but undertakes to limit her enjoyment of it to such time during her life as she may continue to live at the home place. This is a limitation on her statutory right which he could not impose without her consent; but she has not been injured by the construction which the appellees contended for and which the decree appealed

from adopted.   That construction is that she is entitled to her *statutory dower;* and neither the bill of complaint nor the decree undertakes to make her enjoyment of it contingent on her continued residence at the home place.

The decree would have been more exactly correct if it had first expressly recognized the provisions for the widow as being intended in lieu of dower, then recognized (under the complainants' waiver of objection) her renunciation of the will, and, finally, directed an assignment of her dower and the payment to her of her distributive share in the money.   The practical result, however, is exactly correct as to the real estate, and as to the personalty no adjudication has been made and no question directly raised by the assignments of error. We have indicated our views as to what should be done in the future orders of the lower court in regard to the latter class of property.

[4-6]   We do not find in the will or in the alleged extraneous facts and circumstances any sufficient reason to warrant the construction of the will contended for by the appellant.   It is conceded in the brief of her counsel that the expression "life dowry" in the third clause means her statutory dower, and we think it plain that the expression "life dower" in the first clause was used in the same sense.   The term "dower" has a well-defined and very generally understood legal meaning. It is unnecessary to cite authority for the familiar rule that a testator is presumed to use the words by which he expresses himself in their primary or ordinary sense, unless it is manifest from the context that he intended them to mean something else.   The alleged extrinsic facts and circumstances are not sufficient to overcome this rule of construction as here applied.   They do indicate that the testator might very naturally have been

expected to be more generous towards the widow than he seems to have been, but we are unable to say that his plain language, even in the light of the alleged surrounding circumstances, was not used by him in its primary, ordinary and well understood sense.

The decree is affirmed.

*Affirmed.*